## JAMES NICHOLSON *v.* FRANCES N. OGDEN, et. al.

Where the executor, appointed by the testator, was absent from the country at the time the
    succession was opened, and the court appointed a dative testamentary executor, who
    proceeded to administer the estate, and who had so nearly completed the administration,
    that when the executor named by the testator appeared and claimed the revocation of
    his appointment, he filed a final account and delivered the property to the heirs, *Held*:
    that the court would not, under the circumstances, revoke the appointment of the dative
    executor, and that neither he nor the heirs were liable for the commissions to the testamen-
    tary executor.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J.
*M. M. Cohen*, for plaintiff. *Benjamin* and *Micou*, for defendants. The
judgment of the court was pronounced by

PRESTON, J.    *John Nicholson* departed this life, in May, 1848. By an
olographic will made in May, 1833, he distributed his property equally among
his children, except as to *Mrs. Conrad*, a niece, whom he declared he
regarded as his child, and gave her an equal share with his own children. He
made no other disposition of his property, except for the support of a family
servant, who he declared had acted the part of a mother to his motherless
children. He appointed the plaintiff, a brother, in whom he appears to have
entertained great confidence, his executor with seizin of his estate. The
plaintiff was absent in Pennsylvania, at the time of the testator's death; and by
the misdirection of letters did not hear of the event, or return until after it
became necessary to appoint a dative executor. *William T. Hepp* was
appointed at the instance of the heirs. *Nicholson* returned, and applied to can-
cel the appointment of *Hepp*; but during the pendency of the proceedings for
this purpose, *Hepp* rendered his final account, and placed the whole estate in
the possession of the heirs, with which proceedings they were satisfied, and in
the final account, allowed and paid *Hepp* the commissions of the executor of the
will.

The plaintiff sues for these commissions, amounting to upwards of three
thousand dollars, alleging that he has been deprived of them by the acts of the
defendants and heirs of *John Nicholson.*

The record shows clearly, that it became necessary to appoint a dative execu-
tor in consequence of the absence of the plaintiff; and if it did not, one having
been appointed and recognized by the district and by this court, the propriety
of the appointment is a matter adjudged, and not to be re-investigated in this suit.
The dative executor appears to have faithfully executed the will to the satisfac-
tion of the courts and heirs, and has received the commissions.

It would be unreasonable to impose upon the heirs double commissions, and
in favor of the plaintiff, who has never rendered the services for which the com-

missions are allowed by law, and who lost them by an absence which was for <span style="float:right">NICHOLSON<br>*v.*<br>OGDEN.</span> his own convenience and over which the heirs had no control, and for which they should not suffer.

It is the duty of courts to see, and the right of heirs to demand, that the execution of wills should be promptly performed. The will of the testator, as to the executorship should be obeyed, but only when it can be done without delay to the heirs and legatees. The office of executor is but auxiliary to the great object of settling and distributing the estate.

We are not prepared to hold, with the counsel of plaintiff, in the opinion formed upon authorities at common law, that the executor has a vested interest in the estate of the testator from his death. Our impression is, that even at common law, the rights of the executor commence with the acceptance of the trust, and that if from any cause the executor is not qualified, the courts in England would give the administration of the estate with the will annexed to an administrator, as our courts do to a dative executor. Be that as it may, the duties of an executor commence under our laws from the time of his appointment by the court, and his being qualified by taking his oath; and the law then allows him two and a half per cent commissions on the value of the estate, he having the seizin thereof, for his trouble and care; and we may add the responsibility of his trust. Code 1676.

It is desirable that the office of executor should not be considered one of great profit, and the commissions should be but an equivalent for onerous duties. Testator's should bestow their liberality by direct donations, and not indirectly, so as to produce the impression that considerable sums are allowed by law or courts, as commissions under the pretence of onerous duties which are not onerous, or are never performed.

' The whole merits of which the case is susceptible, is presented by the exceptions of the defendants ; and we think the judgment of the district court should be affirmed, with costs.